IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RANDY RAY McCOLLISTER, PRO SE, TDCJ-CID No. 688344, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:11-CV-0109 |
| CLEMENTS UNIT SECURITY, | § § | |
| Defendants | § § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

The claims in this cause were initially filed in the United States District Court for the Eastern District of Texas, Sherman Division on April 8, 2011 and was transferred to the United States District Court for the Northern District of Texas, Wichita Falls Division on April 21, 2011, at which point the claims in this cause were severed and transferred to the United States District Court for the Northern District of Texas, Amarillo Division, on May 23, 2011.

Plaintiff RANDY RAY McCOLLISTER, acting pro se and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

By his complaint, plaintiff claims a failure to protect by unidentified prison personnel at the Clements Unit. Plaintiff alleges that he was beaten by his cellmate in 1995 and was then moved to a cell on A-Pod where he was attacked by Mexican inmates who ran into his cell.

Plaintiff alleges he was then moved to lockdown, where he was attacked by a black inmate while in the shower. By his July 5, 2011 Questionnaire response, plaintiff makes it clear that all three of the attacks forming the basis for his failure to protect claims occurred in 1995.

Plaintiff requests an award of monetary damages or that the Court "knock off a few years from [his] sentence."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

All the acts or omissions plaintiff states the defendants committed are alleged to have occurred in the year 1995.

Plaintiff filed his complaint on or about April 8, 2011. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

The two-year statute of limitations has expired, and plaintiff's claims arising from events in 1995 have expired with it. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A(b)(1) and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff RANDY RAY McCOLLISTER is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the

General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this _____8th_____ day of July, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE